1  Christopher B. Dolan (SBN 165358)
   Michael J. DePaul (SBN 231641)
2  Richard L. Frischer (SBN 280339)
   **THE DOLAN LAW FIRM**
3  The Dolan Building
   1438 Market Street
4  San Francisco, CA  94102
   Tel:  (415) 421-2800
5  Fax:  (415) 421-2830

6  Attorneys for Plaintiff
   YOLANDA WILSON
7

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11
   YOLANDA WILSON,                        Case No.: 2:12-CV-01349-MCE-JFM
12
            Plaintiff,                    **PLAINTIFF YOLANDA WILSON'S**
13                                        **OPPOSITION TO DEFENDANTS**
                                          **UNITEDHEALTH GROUP, INC. AND**
14 v.                                     **UNITED HEALTHCARE SERVICES,**
                                          **INC.'S MOTION TO COMPEL**
15                                        **ARBITRATION AND STAY THE**
   UNITEDHEALTH GROUP, INC., a Minnesota  **ACTION PENDING ARBITRATION**
16 Corporation; UNITED HEALTHCARE
   SERVICES, INC., a Minnesota Corporation; and  Date:      September 6, 2012
17 DOES 1 through 50, inclusive,          Time:      2:00 p.m.
                                          Courtroom:  7
18          Defendants.

19

20

21

22

23

24

25

26

27

28

THE
DOLAN
LAW FIRM
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL:  (415) 421-2800
FAX: (415) 421-2830

1

## <u>TABLE OF CONTENTS</u>

2

3 I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4 II.   LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5       A.   STATE LAW GOVERNS THE CONTRACT ANALYSIS. . . . . . . . . . . . . 2

6       B.   UHG's "AGREEMENT" IS NOT A CONTRACT, BUT AN

7            ILLUSORY PROMISE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8       C.   NO CONTRACT EXISTS BETWEEN PLAINTIFF AND <u>BOTH</u>

9            DEFENDANTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10           1.   Plaintiff Never Agreed to Arbitrate Against United

11                HealthCare Services. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

12           2.   Plaintiff's Claim for Failure to Hire Is Not Within the

13                Scope of the Policy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

14      D.   THE ARBITRATION POLICY IS UNCONSCIONABLE. . . . . . . . . . . . . . 8

15           1.   The Arbitration Policy Is Procedurally Unconscionable. . . . . . . . . . . . . . 8

16                a.   The AAA Rules Allegedly Incorporated Do Not Exist,
                      And the Policy Does Not Specify Which Version of the
17                    AAA Rules Apply. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18                b.   Defendants Never Provided Plaintiff With The Rules. . . . . . . . . 10

19                c.   Plaintiff Had No Opportunity to Negotiate the

20                     'Agreement'. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

21           2.   The Arbitration Policy Is Substantively Unconscionable. . . . . . . . . . . . 12

22                a.   The Policy Severely Limits Discovery. . . . . . . . . . . . . . . . . . . . . . 13

23                b.   The Arbitration Policy Is Not Mutual; It Only
                      Requires the Claims Likely to Be Brought by
24                    Employees to Be Arbitrated. . . . . . . . . . . . . . . . . . . . . . . . . . . 15

25                c.   The Policy's Confidentiality Provisions Are
26                     Overbroad and Contravene Public Policy. . . . . . . . . . . . . . . . . 16

27                d.   The Policy's Attorney's Fees Provision Is Not
                      Mutual and Contravenes Public Policy. . . . . . . . . . . . . . . . . . 18

28

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL:   (415) 421-2800
FAX:  (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1        e.      The Policy Requires Employees Pay UHG to Bring

2         a Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

3    **E.**    **SEVERANCE CANNOT REMOVE THE TAINT OF**

4       **UNCONSCIONABILITY**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

5  **III.**    **CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**THE**
**DOLAN**
**LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,**
**CA**
94102
TEL:  (415) 421-2800
FAX: (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

# TABLE OF AUTHORITIES

**Federal Statute**

9 U.S.C. § 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**California Statutes**

Civil Code § 1636. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Civil Code § 1670.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 20

Labor Code § 232.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**Federal Cases**

U.S. Supreme Court

*AT&T Mobility v. Concepcion*

      131 S.Ct. 1740 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 8, 12

*Buckeye Check Cashing, Inc. v. Cardegna*

      546 U.S. 440 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fourth Circuit

*Hooters of America, Inc. v. Phillips*

      173 F.3d 933 (4th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Sixth Circuit

*Floss v. Ryan's Family Steak Houses, Inc*

      211 F.3d 306 (6th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Seventh Circuit

*Gibson v. Neighborhood Health Clinics, Inc*

      121 F.3d 1126 (7th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL:   (415) 421-2800
FAX: (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

Ninth Circuit

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp*

    622 F.3d 996 (9th Cir.2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Circuit City Stores, Inc. v. Adams*

    279 F.3d 889 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Circuit City Stores, Inc. v. Mantor*

    335 F.3d 1101 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Davis v. O'Melveny & Myers*

    485 F.3d 1066 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18

*Ferguson v. Countrywide Credit Industries, Inc*

    298 F.3d 778 (2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 20

*Gates v. Georgia Pac. Corp.*

    492 F.2d 292 (9th Cir. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*Ingle v. Circuit City Stores, Inc.*

    328 F.3d 1165 (9th Cir 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 11, 19

*Kilgore v. KeyBank, N.A.*

    673 F.3d 947 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 16

*Lorber Indus. of Cal. v. Los Angeles Printworks Corp*

    803 F.2d 523 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Pokorny v. Quixtar, Inc.

    601 F.3d 987 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Ting v. AT&T*

    319 F.3d 1126 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17, 18


Tenth Circuit

*Dumais v. American Golf Corp*

    299 F.3d 1216, 1219 (10th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

THE
DOLAN
LAW FIRM
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

iv

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

Central District of California

*Chavarria v. Ralphs Grocer Co*

    812 F. Supp. 2d 1079, 1085-86 (C.D. Cal. 2011)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11*

*Unimax Express, Inc. v. Cosco North America, Inc*

    CV 11-02947 DDP(PLAx), 2011 WL 5909881 (C.D. Cal. Nov. 28, 2011) . . . . . . . . . . . 3


Eastern District of California

*Beard v. Santander Consumer USA, Inc.*

    1:11-CV-11-1815 LJO, 2012 WL 1292576 (E.D. Cal. Apr 16, 2012). . . . . . . . . . . . . . . 3

*Sherwood v. Blue Cross*

    CIV. S-07-633 LKK/DA, 2007 WL 2705262 (E.D. Cal. Sept. 14, 2007). . . . . . . . . . . . 13


Northern District of California

*Cisneros v. Am. Gen. Fin. Services, Inc.*

    C 11-02869 CRB, 2012 WL 3025913 (N.D. Cal. July 24, 2012). . . . . . . . . . . . . . . . . . . 3

*Doubt v. NCR Corp.*

    C 09-05917 SBA, 2010 WL 3619854 (N.D. Cal. Sept. 13, 2010). . . . . . . . . . . . . . . . . . 13

*Kanbar v. O'Melveny & Myers*

    C-11-0892 EMC, 2011 WL 2940690 (N.D. Cal., July 21, 2011). . . . . . . . . . . . . . . . . 3, 16

*Lau v. Mercedes-Benz USA, LLC*

    CV 11-1940 MEJ, 2012 WL 370557 (N.D. Cal. Jan. 31, 2012). . . . . . . . . . . . . . . . . . . 12

*Newton v. American Debt Services, Inc.*

    C-11-3228 EMC, 2012 WL 581318 (N.D. Cal. Feb 22, 2012). . . . . . . . . . . . . . . . . . . . 3


**State Cases**

California Supreme Court

*Abramson v. Juniper Networks, Inc.*

    115 Cal.App.4th 638 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

THE
DOLAN
LAW FIRM
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

California Supreme Court (continued)

*Armendariz v. Foundation Health PsychCare Services, Inc.*

    24 Cal.4th 83 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 8, 11, 13, 16, 17, 19, 20

*Engalla v. Permanente Med. Group, Inc.*

    15 Cal.4th 951, 972 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Little v. Auto Stiegler, Inc.*

    29 Cal.4th 1064 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Peralta Comm. College Dist. v. F.E.H.C.*

    52 Cal.3d 40 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


California Court of Appeal

*Ajamian v. CantorCO2e, L.P.*

    203 Cal.App.4th 771 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

*Baker v. Osborne Dev. Corp.*

    159 Cal.App.4th 884 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bickel v. Sunrise Assisted Living*

    206 Cal.App.4th 1 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cummings v. Benco Building Svcs.*

    11 Cal.App. 4th 1383 (1992).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Federal Nat'l Mortgage Assn. v. Bugna*

    57 Cal.App.4th 529 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fitz v. NCR Corp.*

    118 Cal.App.4th 702 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13, 14, 15, 16, 18, 20

*Kinney v. United HealthCare Services, Inc.*

    70 Cal.App.4th 1322 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Martinez v. Master Protection Corp.*

    118 Cal.App.4th 107, 114 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11, 12

THE
DOLAN
LAW FIRM

TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL:  (415) 421-2800
FAX: (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

<u>California Court of Appeal</u> (continued)

*McManus v. CIBC World Markets Corp.*

     109 Cal.App.4th 76 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*O'Hare v. Municipal Resource Consultants*

     107 Cal.App.4th 267 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 20

*Ontiveros v. DHL Express*

     164 Cal.App.4th 494 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 20

*Pacific Landmark Hotel, Ltd. v. Marriott Hotels, Inc*

     19 Cal.App.4th 615 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Pantoja v. Anton*

     198 Cal.App.4th 87 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Peleg v. Neiman Marcus Group, Inc.*

     204 Cal.App.4th 1425 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Samaniego v. Empire Today LLC*

     205 Cal.App.4th 1138 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 10, 15

*Sparks v. Vista Del Mar Child & Family Svcs.*

     207 Cal.App.4th 1511 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 10

*Trivedi v.Curexo Technology Corp*

     189 Cal.App.4th 387 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 15

*Villanueva v. City of Colton*

     160 Cal.App. 4th 1188 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Williams v. City of Belvedere*

     72 Cal.App.4th 84 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*Zullo v. Sup.Ct*

     197 Cal.App.4th 477 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15, 16


**<u>Secondary Source</u>**

1 Witkin, Summary of Cal. Law, Contracts, § 225 (10th ed. 2005). . . . . . . . . . . . . . . . . . . . . . 4

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL:   (415) 421-2800
FAX:  (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

# I.    INTRODUCTION

This is a civil rights disability discrimination FEHA employment case.  Defendant wrongfully terminated Plaintiff's 10-year employment.  Then, *after* Plaintiff's working relationship with the Defendants had ended, she applied for re-hire.  She was discriminated against in the hiring process and rejected from a new position she was qualified to fill.

In their instant motion, Defendants seek to subvert Plaintiff's right to a jury trial via a draconian arbitration agreement that Plaintiff never assented to (no contract); that does not include all the parties (no privity); that denies Plaintiff her right to fair and meaningful civil discovery (no due process nor ability to vindicate her statutory rights); that essentially places a gag order on the proceedings (confidentiality in contravention of public policy); and that actually requires Plaintiff to pay Defendants for the right to adjudicate her civil rights claims.

Defendant UnitedHealth Group's ("UHG") Employment Arbitration Policy ("Policy") is an illusory contract that this Court should find to be unenforceable as it is both procedurally and substantively unconscionable.  (*See* UHG Arbitration Policy, Exh. 1 to Ray Dec. ISO Def's' Motion.)[1] UHG's Policy is an illusory contract as it expressly states that Defendant has the sole discretion to unilaterally modify or discontinue its terms.

Enforcing the Policy would also be procedurally and substantively unconscionable.  Procedural unconscionability is present as 1) the Policy attempts to incorporate AAA rules that do not exist; 2) the Policy does not specify which version of the allegedly incorporated rules are binding; and 3) Plaintiff was not provided with the Policy, nor the allegedly incorporated rules, at the time Defendants claim Plaintiff knowingly waived her fundamental Constitutional rights.[2]  The Policy is substantively

---

[1] Plaintiff has objected to the admissibility of Exh. 1 and the remainder of the Ray Dec. (See Objection to Ray Dec.)  Plaintiff relies upon Exh. 1 and the Dec. in this Opposition only to rebut Defendants' Memo, and expressly retains her objection to Exh. 1 and the Declaration.

[2] As discussed herein and in Plaintiff's objection to Defendants' request for judicial notice, the rules proffered by Defendants now are not the rules incorporated in UHG's Policy.  In fact, the rules submitted by Defendants in support of their motion did not even exist at the time Defendants claim Plaintiff knowingly waived her rights and agreed to be bound by the UHG Policy.

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

1

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1   unconscionable as the terms are not mutual, and the Policy places severe limits on civil discovery:

2   only one interrogatory and two depositions are permissible.

3   **II.    LEGAL ARGUMENT**

4         **A.    STATE LAW GOVERNS THE CONTRACT ANALYSIS.**

5         Generally applicable contract defenses existing at law or in equity may be used to defeat the

6   enforcement of an arbitration agreement.  State Law regulating contracts and applicable contract

7   defenses, including unconscionability, defeat enforceability of an arbitration agreement without

8   contravening the FAA.  9 U.S.C. § 2; *Concepcion* at 1745.  Even assuming the FAA applies (which

9   Plaintiff denies), the FAA does not create a special status for arbitration agreements.  *Id.*

10        *Concepcion*, quoting the FAA, provides as follows: "The final phrase of §2 . . . <u>permits</u>

11  arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for

12  the revocation of any contract.' This savings clause <u>permits</u> agreements to arbitrate to be invalidated

13  by 'generally acceptable contract defenses, such as fraud, duress, or unconscionability.'"

14  *Concepcion* at 1746 (*emphasis added*), *quoting* 9 U.S.C. § 2.  "*Concepcion* did not overthrow the

15  common law contract defense of unconscionability whenever an arbitration clause is involved.

16  Rather, the Court reaffirmed that the savings clause preserves generally applicable contract defenses

17  such as unconscionability, so long as those doctrines are not 'applied in a fashion that disfavors

18  arbitration.'"  *Kilgore v. KeyBank, N.A.*, 673 F.3d 947, 963 (9th Cir. 2012) *quoting id.*

19        Defendants argue that under the FAA and *Concepcion*, Defendant UHG's Policy cannot be

20  found unconscionable/unenforceable on account of California public policy.  (Defendants' Memo, pp.

21  13-15.)  This argument is misguided and misleading.  Arbitration agreements are contracts, and

22  enforceability is determined according to State Law just like any other contract.  *Concepcion,* at 1746.

23  *Concepcion* does not alter that rule.  *Id.*  Further, Defendants argue that the seminal California case on

24  unconscionability as it relates to the unenforceability of waivers of unwaivable statutory rights,

25  *Armendariz v. Foundation Health PsychCare Services, Inc.,* 24 Cal.4th 83 (2000), is preempted by the

26  FAA.  (Defendants' Memo, p. 7-11.)  This simply is not true: California Courts continue to apply

27  *Armendariz's* unconscionability analysis after *Concepcion*.  *See,* e.g., *Samaniego v. Empire Today*

28  *LLC*, 205 Cal.App.4th 1138 (2012) ("We hold the provision is unconscionable and unenforceable

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1   under *Armendariz* [citation]; that our consideration of the issues is governed by California law; and

2   that the recent decision of the Supreme Court of the United States in *AT&T Mobility LLC v.*

3   *Concepcion* [full citation] does not change our analysis."); *see also Sparks v. Vista Del Mar Child &*

4   *Family Svcs.*, 207 Cal.App.4th 1511 (2012); *Bickel v. Sunrise Assisted Living*, 206 Cal.App.4th 1

5   (2012); *Ajamian v. CantorCO2e, L.P.,* 203 Cal.App.4th 771 (2012).   Moreover, the Northern District

6   has determined that "[n]umerous courts have found that *Concepcion* does not preclude the application

7   of the California unconscionability principles as stated in *Armendariz* [citation]."  *Cisneros v. Am.*

8   *Gen. Fin. Services, Inc.*, C 11-02869 CRB, 2012 WL 3025913 (N.D. Cal. July 24, 2012).   Several

9   Federal Courts sitting in diversity jurisdiction have applied *Armendariz*, post-*Concepcion*.[3]

10       Simply put: *Armendariz* and generally applicable California contract law does not conflict with

11   and is not preempted by the FAA.  *Ingle v. Circuit City Stores, Inc.* 328 F.3d 1165, 1170 fn. 3 (9th Cir.

12   2003) ("[Defendant] suggested that *Armendariz* is preempted by the FAA, because its holding,

13   [Defendant] asserts, imposes a heightened standard for enforcement of arbitration agreements.  We

14   disagree.")  As the California Supreme Court explained:

15       While we recognize that a party compelled to arbitrate such rights does not waive them,
16       but merely "'submits to their resolution in an arbitral, rather than a judicial, forum'"
         (*Gilmer, supra*, 500 U.S. at p. 26, 111 S.Ct. 1647), arbitration cannot be misused to
17       accomplish a de facto waiver of these rights.  Accordingly, although the *Armendariz*
         requirements specifically concern arbitration agreements, they do not do so out of a
18       generalized mistrust of arbitration per se (see *Doctor's Associates, Inc., supra,* 517 U.S.
         at p. 687, 116 S.Ct. 1652), but from a recognition that some arbitration agreements and
19       proceedings may harbor terms, conditions and practices that undermine the vindication of
         unwaivable rights. The *Armendariz* requirements are therefore applications of general state
20       law contract principles regarding the unwaivability of public rights to the unique context
         of arbitration, and accordingly are not preempted by the FAA.

21   *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1079 (2003).

22

23       [3] *See Beard v. Santander Consumer USA, Inc.*, 1:11-CV-11-1815 LJO, 2012 WL 1292576 (E.D.
24   Cal. Apr. 16, 2012) *report and recommendation adopted*, 1:11-CV-01815-LJO, 2012 WL 1576103 (E.D.
     Cal. May 3, 2012); *Newton v. American Debt Services, Inc.,* C-11-3228 EMC*,* 2012 WL 581318 (N.D.
25   Cal. Feb. 22, 2012) (applying *Armendariz's* to determine whether the arbitration agreement was one-
     sided); *Unimax Express, Inc. v. Cosco North America, Inc.* CV 11-02947 DDP(PLAx), 2011 WL 5909881
26   (C.D. Cal. Nov. 28, 2011) (finding that state contractual defenses are unaffected by *Concepcion* and
27   applying *Armendariz*); *Kanbar v. O'Melveny & Myers*, C-11-0892 EMC, 2011 WL 2940690 (N.D. Cal.,
     July 21, 2011), *Concepcion* did not change the unconscionability analysis, especially as to the prohibitions
28   against broad confidentiality provisions and broad exemptions of employer claims from arbitration.)

**THE**
**DOLAN**
**LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,**
**CA**
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

The examples of State laws preempted by the FAA that Defendants provide demonstrate that what is preempted under the FAA are categorical rules that exempt certain actions from arbitration.  In *Concepcion*, California's rule against class-action waivers in arbitration agreements was struck down. *Concepcion* at 1753.  In *Buckeye Check Cashing*, Florida's policy of not enforcing arbitration clauses if embedded in contracts that were illegal was struck down.  *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 442 (Per the FAA, enforceability of an agreement to arbitrate is independent of enforceability of the entire contract, preempting the Florida rule).  Those unique categorical rules are fundamentally different than California's unconscionability law, which requires an in-depth, case-by-case analysis of whether a contract is procedurally and substantively fair, and whether it imposes a waiver of statutory rights.  Thus, California law applies and is not preempted by the FAA.

**B.    UHG's "AGREEMENT" IS NOT A CONTRACT, BUT AN ILLUSORY PROMISE**.

Where one party makes no binding promises, or makes promises subject to being withdrawn at the promisor's pleasure, the contract is deemed to be unenforceable as it lacks mutuality.  1 Witkin, Summary of Cal. Law, Contracts, § 225 (10th ed. 2005).  A contract to arbitrate is illusory if it can be changed unilaterally without exemption for <u>accrued or known</u> claims.  *Peleg v. Neiman Marcus Group, Inc.*, 204 Cal.App.4th 1425, 1464-65 (2012) (*emphasis added*); *see also Sparks v. Vista Del Mar Child and Family Services*, 207 Cal.App.4th 1151 (July 2012) ("An agreement to arbitrate is illusory if, as here, the employer can unilaterally modify the handbook."); *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1179 (2003) (unilateral modification substantively unconscionable per Cal. law).

Other Circuits similarly have held that a unilateral right to modify or terminate an alleged arbitration agreement renders the agreement illusory and not enforceable.  *Dumais v. American Golf Corp.*, 299 F.3d 1216, 1219 (10th Cir. 2002); *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 315-16 (6th Cir. 2000); *Hooters of America, Inc. v. Phillips*, 173 F.3d 933, 939 (4th Cir. 1999); *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126 (7th Cir. 1997).

Here, the Policy explicitly provides UHG the unilateral right to "amend, modify, or terminate the Policy" with 30 days notice.  (Policy at p. 11, Exh. 1 to Ray Dec.)  If UHG wishes to modify or cancel the Policy, they must only continue the current Policy for disputes <u>already submitted</u>, as Section E states:  "All arbitrations shall be conducted in accordance with the Policy in effect on the date the

THE
DOLAN
LAW FIRM
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

4
PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1    Corporate Employee Relations Department receives the Demand for Arbitration." (*Ibid.*)

2        Notably, the Policy here only "covers any dispute subject to arbitration which is brought on or

3    after the applicable effective date, as set forth in Section E of this Policy, <u>even if the alleged act or</u>

4    <u>omission occurred prior to the applicable effective date</u>." (*Id.* at p. 6.) Because the Policy may be

5    modified or cancelled unilaterally without regard to any <u>accrued or known claims</u>, it is illusory and not

6    a valid contract. *Peleg* at 1464-65; *Ingle* at 1179. It is not enough that the Policy provides that

7    modifications do not apply to pending claims, or that 30 days notice must be given. *Peleg.* at 1464-65.

8        **C.    NO CONTRACT EXISTS BETWEEN PLAINTIFF AND <u>BOTH</u> DEFENDANTS.**

9        The party petitioning for arbitration bears the burden of proving the existence of a valid

10   arbitration agreement. *Engalla v. Permanente Med. Group, Inc.* 15 Cal.4th 951, 972 (1997). To be

11   sure, Courts cannot compel arbitration until and unless an enforceable agreement to arbitrate is

12   established. *Baker v. Osborne Dev. Corp.* 159 Cal.App.4th 884, 892 (2008).

13       Here, there is no agreement to arbitrate. <u>First</u>, the alleged 'agreement' does not include

14   Defendant United HealthCare Services, Inc. ("UHCS") and, therefore, Plaintiff cannot be compelled to

15   arbitrate her claims against that Defendant. <u>Second</u>, because the Policy may be modified unilaterally

16   by Defendant UHG without regard to any accrued claims, it is not an agreement at all. Instead, as

17   discussed above, it is an unenforceable illusory promise. *Peleg v. Neiman Marcus Group, Inc.*, 204

18   Cal.App.4th 1425, 1464-65 (2012). Again, the burden to prove the existence of a contract is on the

19   petitioner for arbitration. *Engalla* at 972. Defendants have failed to meet their burden.

20       **1.    Plaintiff Never Agreed to Arbitrate Against United HealthCare Services.**

21       "Arbitration, however favored by the courts and Congress, is a contractual right, and may not

22   be invoked by one who is not a party to the agreement and does not otherwise possess the right to

23   compel arbitration." *Lorber Indus. of Cal. v. Los Angeles Printworks Corp.*, 803 F.2d 523, 525 (9th

24   Cir. 1986). Here, UHG's Policy does not bind Plaintiff to arbitrate her claims against United

25   HealthCare Services, Inc. ("UHCS") and therefore Plaintiff should not be made to arbitrate her claims

26   against UHCS. There also is no evidence offered by Defendants that proves UHCS (an entity distinct

27   from UHG) agreed to be bound by the Policy at the time of the alleged 'agreement.'

28       Not once does the Policy mention United HealthCare Services, Inc. (Policy, Exh. 1 to Ray

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

5
PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1   Dec.)  The Arbitration Policy is between UHG and its employees.  The Policy refers throughout to

2   "UnitedHealth Group" and its employees, requires arbitration claims be submitted to UnitedHealth

3   Group's Corporate Relations Department directly (and not to any of its subsidiaries), and gives sole

4   authority to amend, modify, or terminate the policy to UnitedHealth Group's Senior Executive.  (*Id.*)

5          Defendants contend the Policy applies to United HealthCare Services and its employees

6   because United HealthCare Services is a subsidiary of UnitedHealth Group.  The eight-page Policy

7   mentions subsidiaries of United Health Group only once and does not bind the subsidiaries to the

8   Policy:  "UnitedHealth Group Incorporated and its subsidiaries (referred to as "UnitedHealth Group")

9   acknowledge that disagreements may arise between an individual employee and UnitedHealth Group

10  or between employees in a context that involves UnitedHealth Group."  (*Id.* at p. 1.)  The Policy,

11  drafted by UnitedHealth Group, does not state who UnitedHealth Group's subsidiaries are nor does it

12  alert the employee that it applies to the company for which he or she actually works.  (*Id.*)

13         UnitedHealth Group has almost 300 unique subsidiaries that utilize various names while doing

14  business.  (Exh 21.1 to UnitedHealth Group 10-K Statement, Exh. A to Frischer Dec.)[4]  The corporate

15  structure is so confusing that Defense Counsel first notified Plaintiff that she was actually employed by

16  United HealthCare Services.  (Letter from Counsel, Exh. B to Frischer Dec.)

17         Controlling any contract interpretation is the principal that "[a] contract must be so interpreted

18  as to give effect to the mutual intention of the parties as it existed at the time of contracting."  Cal.

19  Civil Code § 1636 (*emphasis added*).  Contracts, and contract ambiguities, also must be construed

20  against the drafter.  *Federal Nat'l Mortgage Assn. v. Bugna*, 57 Cal.App.4th 529, 535 (1997).

21         At the time of this alleged contract, February 21, 2006, Plaintiff was employed by PacifiCare

22  Health Systems, a company that apparently was acquired by UHG during Plaintiff's employment.

23  (Ray Dec. ¶¶ 6-7.)  At the time of this alleged contract, Plaintiff did not know UHCS was a subsidiary

24  of UHG.  (Wilson Dec., ¶4.)  During her employment, Plaintiff received paychecks from United Health

25  Services ("UHS"); Plaintiff was not familiar with UHG's corporate structure; and Plaintiff did not

26  _____

27         [4] Notably, to determine who is a subsidiary of UnitedHealth Group for this Opposition, Plaintiff's
    Counsel retrieved archived Securities and Exchange Commission documents, a source that most
28  employees such as Plaintiff should not be assumed to know exists.  (Frischer Dec., ¶6.)

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

know who UHG's subsidiaries were. (Wilson Dec., ¶4) Plaintiff also was not provided with any information about who UHG's subsidiaries were. (Wilson Dec., ¶4.) To impute detailed and technical knowledge of UHG's corporate structure upon Plaintiff on February 21, 2006, a date when Plaintiff was not even employed by Defendants, is inequitable and cannot be reconciled with any possible interpretation of the Policy.

Defendant UHG failed to provide any evidence that UHCS agreed to the arbitration clause presented by Defendant UHG. UHG also failed to provide any evidence that Plaintiff assented to arbitrate her claims against UHCS. UHG and UHCS are separate entities, even if the latter actually is a subsidiary to the former. (Ray Dec. ¶1.) **By creating separate entities rather than merging together, Defendants chose to isolate their liabilities and create a wall between them**. *Pacific Landmark Hotel, Ltd. v. Marriott Hotels, Inc.* 19 Cal.App.4th 615, 628 (1993). Defendants cannot now assert that they are not distinct entities. *Id,* (**a subsidiary cannot claim an interest through a parent to obtain contract rights against a third party**.)

To prove a contract exists between Defendant UHCS and Plaintiff requiring arbitration of claims, <u>Defendants</u> must prove that, at the time of contracting, UHCS agreed to be bound to arbitrate claims by and against Plaintiff (and of course, vice versa). There is no evidence demonstrating this and Defendants have not met their burden.

### 2. Plaintiff's Claim for Failure to Hire Is Not Within the Scope of the Policy

Assuming arguendo that UHG's Policy is somehow enforceable, Plaintiff's claim for Failure to Hire in Violation of FEHA (See First Amended Complaint ("FAC")) accrued <u>after</u> Defendants severed Plaintiff's employment, and thus this claim **<u>cannot</u>** be subject to UHG's Policy. Plaintiff was fired from Defendants' employment on or about February 8, 2011. (FAC ¶30.) Following her termination, Plaintiff saw a job posting for a "new" position Defendants had created. (FAC ¶33.) Plaintiff believed she was well qualified for the position, and applied on or about February 17, 2011. (FAC ¶33.) On or about March 13, 2011, Plaintiff was notified by Defendants that they would "not be able to consider [her] for this position" (FAC ¶37) despite her qualification and 10 years of experience. Plaintiff alleges in her First Amended Complaint that Defendants' failure to hire her was the result of unlawful discrimination on the basis of her age and disability. (FAC ¶¶102-110.)

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

A claim for Failure to Hire in Violation of FEHA accrues on the date an applicant is notified that she will not be hired. *Williams v. City of Belvedere*, 72 Cal.App.4th 84, 92 (1999); *accord Gates v. Georgia Pac. Corp.*, 492 F.2d 292, 294-95 (9th Cir. 1974) (claim for Failure to Hire in Violation of Title VII also accrues at the time of notification.)  Therefore, at the time that Plaintiff's claim for Failure to Hire accrued, she was not an employee of Defendants. This aligns with common sense as well — Plaintiff only applied for and was rejected from Defendants' newly posted job *after* she became unemployed, and *after all* ties were severed with Defendants.

Even an enforceable arbitration agreement would only apply to claims between Plaintiff Wilson and Defendants arising during Plaintiff's employment.  The UHG Policy statement of intent "acknowledge[s] that disagreements may arise between an individual <u>employee</u> and UnitedHealth Group. . . . <u>Employees</u> and UnitedHealth Group benefit from the use of private arbitration. . . ." To be sure, UHG's Policy is only binding - if at all - between "UnitedHealth Group and <u>its employees</u>." (Policy at p. 1, Exh. 1 to Ray Dec. (*emphasis added*).)  Plaintiff was an applicant, not an employee, when this claim arose.

### D.    THE ARBITRATION POLICY IS UNCONSCIONABLE.

An arbitration agreement, like any other contract, is unenforceable when it is unconscionable under generally applicable State Law.  *Concepcion,* 131 S.Ct. at 1746.  Unconscionability includes both procedural and substantive aspects.  Procedural unconscionability relates to the circumstances surrounding the entering into of the 'agreement.'  *Armendariz*, 24 Cal.4th at 114.  Procedural unconscionability exists if there was an absence of meaningful choice due to the inequality of bargaining power, *e.g.* adhesive contracts.  *Id*.; *Martinez v. Master Protection Corp.*  (2004) 118 Cal.App.4th 107, 114 (**adhesive contracts in employment are procedurally unconscionable**). Substantive unconscionability may be found where the terms of a contract unreasonably favor one party, or the agreement was outside an adhering party's reasonable expectations.  *Id*.  Procedural and substantive unconscionability work in a sliding scale relationship: the more substantively oppressive the contract term, the less procedural unconscionability is required to render it unenforceable, and vice versa.  (*Armendariz*, *supra*, at 114).  Here, Defendant UHG's Policy is unsiconable in both regards.

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1.     **The Arbitration Policy Is Procedurally Unconscionable.**

UHG's Policy is procedurally unconscionable for several reasons.  <u>First</u>, the "Employment Dispute Resolution Rules of the American Arbitration Association," which the Policy attempts to incorporate, do not exist.  <u>Second</u>, no allegedly incorporated rules were ever provided to Plaintiff, which, in this case, made it impossible for Plaintiff to have made a knowing and voluntary waiver of her fundamental Constitutional rights.  <u>Third</u>, the Policy is adhesive and was presented as a term of Plaintiff's employment, which alone is enough to render the 'agreement' procedurally unconscionable. *Martinez v. Master Protection Corp.*  (2004) 118 Cal.App.4th 107, 114.

a.     **The AAA Rules Allegedly Incorporated Do Not Exist, And the Policy Does Not Specify Which Version of the AAA Rules Apply.**

The Policy attempts to incorporate the "Employment Dispute Resolution Rules of the American Arbitration Association ('AAA Rules')" to the extent those rules "shall govern issues not specifically addressed by this Policy."  (Policy at p. 2, Exh. 1 to Ray Dec.)

<u>First</u>, there were no rules ever published by AAA entitled the "Employment Dispute Resolution Rules."  Upon a search of the AAA rules website for rules currently in effect in August 2012 <u>and any archived rules</u> for "Employment Dispute Resolution Rules," no such rules could be found. (Frischer Dec., ¶4-5.)  The rules provided by Defendants for their Motion are the 2010 "Employment Arbitration Rules and Mediation Procedures," which are <u>not</u> the rules incorporated by the Policy.  (Exh. 2 to El-Farra Dec.; Exh. A to Defendants Request for Judicial Notice ISO Motion to Compel.)  This distinction is not insignificant, because many different rules relating to labor and employment appear when searching "Employment Dispute Resolution Rules," and it is not obvious to a layperson what AAA rules should apply to this dispute.  (Frischer Dec., ¶4-5.)  Nor is it the burden of the employee to deduce what rules the employer's lawyers meant to have incorporated.  **Indeed, it is "oppressive" under California law to incorporate rules that do not exist under the name provided by the employer**.  *Zullo v. Sup.Ct.*, 197 Cal.App.4th 477, 486 fn. 3 (2011).

<u>Second</u>, assuming the allegedly incorporated rules existed, the Policy does not state what version of the "Employment Dispute Resolution Rules of the [AAA]" apply.  As seen on the AAA website, AAA updates their rules from time to time.  (*Id*.)  Defendant UHG's Policy does not state whether the "Employment Dispute Resolution Rules of the [AAA]" in effect in 2006 would govern all

**THE DOLAN LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO, CA**
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION PENDING ARBITRATION

disputes, regardless of time, or if the Policy incorporates any amendments by the AAA.  Although the rules submitted by Defendants in support of their motion provide AAA's amendments shall be effective, it is unknown whether the "Employment Dispute Resolution Rules of the [AAA]" effective in 2006, which Defendants allege Plaintiff agreed to, provided the same.

Even still, when determining whether the Policy and allegedly incorporated AAA rules are unconscionable, this Court must analyze the "Employment Dispute Resolution Rules of the [AAA]" in effect <u>at the time of the alleged agreement</u>, as <u>unconscionability is determined "at the time it was made</u>." Cal. Civil Code § 1670.5(a); *O'Hare v. Municipal Resource Consultants,* 107 Cal.App.4th 267, 281-82 (2003).  In *O'Hare*, the defendant argued that there was no unconscionabiltiy because the AAA rules amended and in effect <u>at the time of the lawsuit</u> were not substantively unconscionable. *Id.* The court rejected this argument: "[Defendant's] argument that the present day rules should be construed to permit discovery in an arbitration ordered under this contract is nothing more than an attempt to make an end run around <u>the legislative direction to evaluate the contract based upon its terms</u> <u>at the time of execution</u>." *Id.* (*emphasis added*).

The appropriate rules to analyze for unconscionability purposes are the rules in effect on February 21, 2006, when Plaintiff allegedly entered into this contract, i.e. "Employment Dispute Resolution Rules of the American Arbitration Association."   Yet these rules were not provided to this Court nor to Plaintiff, and they cannot do so, because these rules do not exist.  (Frischer Dec.¶4-5.)

### b.    Defendants Never Provided Plaintiff With The Rules.

California courts have consistently held that it is unconscionable to attempt to "incorporate" rules of arbitration without providing the rules along with the contract. *See, e.g., Sparks,* 207 Cal.App.4th 1511; *Samaniego,* 205 Cal.App.4th at 1146; *Zullo*, 197 Cal.App.4th at 485-86; *Trivedi v. Curexo Technology Corp.*, 189 Cal.App.4th 387, 392-93 (2010); *Fitz v. NCR Corp.*, 118 Cal.App.4th 702 (2004); The UHG Policy attempts to incorporate the "Employment Dispute Resolution Rules of the American Arbitration Association", yet Plaintiff was never  provided these (or any other rules) at the time she allegedly agreed to be bound.[5]  (Wilson Dec. ¶3; Frischer Dec. ¶4-5.)

---

[5] On May 31, 2012, in response to Defendant's request to stipulate to arbitration, Plaintiff's counsel requested "the full Policy you refer to as well as all other materials presented to Plaintiff with the Policy on February 21, 2006."  (See E-mail, attached as Exh. 2 to El-Farra Dec.)  To date, Plaintiff's request for the materials presented along with the policy has not been responded to.  (Frischer Dec., ¶3.)

**THE**
**DOLAN**
**LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,**
**CA**
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION PENDING ARBITRATION

1    In *Trivedi*, the Court found the defendant's failure to attach incorporated AAA rules to its

2    arbitration agreement to be a large factor in finding the agreement was procedurally unconscionable.

3    *Trivedi v. Curexo Technology Corp.*, 189 Cal.App.4th 387, 393 (2010).  The Trivedi court emphasized

4    that "Numerous cases have held that the failure to provide a copy of the arbitration rules to which the

5    employee would be bound, supported a finding of procedural unconscionability."  *Id.*

6    The Policy allegedly incorporates rules that do not exist and is unclear defectively regarding

7    what version of the AAA rules apply.  At the time of entering the agreement, Plaintiff could not

8    possibly determine which rules applied to her potential dispute with Defendant UHG.  Even though

9    AAA publishes their rules online, Plaintiff would not know which rules to refer to.  These failures

10   create a high level of procedural unconscionability.

11           **c.      Plaintiff Had No Opportunity to Negotiate the 'Agreement.'**

12   Plaintiff had no meaningful opportunity to negotiate the terms of the Policy.  The Policy itself

13   states: "This Policy is a binding contract between UnitedHealth Group and its employees.  **Acceptance**

14   **of employment or continuation of employment with UnitedHealth Group is deemed to be**

15   **acceptance of this Policy.**"  (Policy at p. 1, Exh. 1 to Ray Dec., *emphasis original.*)  There is no

16   ability for employees to opt-out.  (*Id.*)  UHG's Arbitration Policy was presented to Plaintiff to "review

17   and complete" "within three (3) days of hire."  (Ray Dec. ¶ 5.)

18   As such, the Policy is a 'contract' of adhesion.  When arbitration agreements are a condition of

19   employment, there is "no question that [the employer] is the party of superior bargaining power."

20   *Chavarria v. Ralphs Grocer Co.*, 812 F. Supp. 2d 1079, 1085-86 (C.D. Cal. 2011) (finding the

21   arbitration policy to be procedurally unconscionable because it was presented as "take it or leave it").

22   It is not enough that Plaintiff had three days to consider the 8-page agreement.  *Ingle,* 328 F.3d at 1171

23   (9th Cir. 2003) (rejecting Defendant's argument that three days' review is sufficient to overcome

24   procedural unconscionability, as the time to review is irrelevant).

25           **"An arbitration agreement that is an essential part of a 'take it or leave it' employment**

26   **condition, <u>without more</u>, is procedurally unconscionable."**  *Martinez v. Master Protection Corp.*,

27   118 Cal.App.4th 107, 114  (2004) (*emphasis added.*) citing *Armendariz* at 113-15; se*e also Ajamian v.*

28   *CantorCO2e, L.P.* 203 Cal.App.4th 771, 796 (2012) (decided after *Concepcion*); *McManus v. CIBC*

**THE**
**DOLAN**
**LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

11

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1   *World Markets Corp*. 109 Cal.App.4th 76, 91 (2003). *Martinez* found an arbitration agreement to be

2   procedurally unconscionable <u>solely</u> because it was a non-negotiable contract of adhesion that formed a

3   condition of employment. *Martinez* at 114. The Ninth Circuit, applying California law, also held:

> 4   The [Arbitration Agreement] is procedurally unconscionable because it is a contract of
>     adhesion: a standard-form contract, drafted by the party with superior bargaining power,
> 5   which relegates to the other party the option of either adhering to its terms without
>     modification or rejecting the contract entirely. [*Stirlen v. Supercuts, Inc.* 51 Cal.App.4th
> 6   1519] at 145-46 (indicating that a contract of adhesion is procedurally unconscionable).

7   *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 893 (9th Cir. 2002).

8       *Concepcion* and other recent cases have not changed the fact that, under California law,

9   adhesive contracts are procedurally unconscionable: "Although *Concepcion* made clear that consumer

10  contracts are typically adhesive in nature, 131 S.Ct. at 1750, 'California law treats contracts of

11  adhesion, or at least terms over which a party of lesser bargaining power had no opportunity to

12  negotiate, as procedurally unconscionable to at least some degree.'" *Lau v. Mercedes-Benz USA, LLC*,

13  CV 11-1940 MEJ, 2012 WL 370557 (N.D. Cal. Jan. 31, 2012), *quoting Bridge Fund Capital Corp. v.*

14  *Fastbucks Franchise Corp.*, 622 F.3d 996, 1004 (9th Cir.2010). *Concepcion* is completely silent

15  regarding whether adhesive contracts are unconscionable under California law, and Defendants have

16  quoted *Concepcion* grossly out of context to argue that adhesive contracts must be enforced under the

17  FAA. (Defendants' Memo, p. 10.) *Concepcion* in fact recognizes that, "Of course States remain free

18  to take steps addressing the concerns that attend contracts of adhesion." *Concepcion* at 1750 fn. 6.

19      Defendant's Policy is a <u>take-it-or-leave-it</u> <u>Policy</u> (not even a contract purporting to be a mutual

20  agreement), drafted by UHG, who surely has superior bargaining strength to Plaintiff, and relegated

21  Plaintiff the option of adhering to its terms without modification or rejecting it entirely and losing her

22  employment. *See Circuit City v. Adams*, 279 F.3d at 893. It is procedurally unconscionable. *See id.*

23      **2.      The Arbitration Policy Is Substantively Unconscionable**.

24      The Policy is substantively unconscionable for several reasons: 1) the terms are not mutual:

25  while harassment and retaliation claims are subject to the Policy, claims that would be brought by

26  Defendants (patents, trademarks, intellectual property, and trade secrets claims) are not included; 2)

27  the Policy severely limits discovery; 3) the Policy contains overbroad confidentiality provisions that

28  stifle Plaintiff's right to gather evidence, as well as eradicate the benefit to the public of a FEHA

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

1   lawsuit; 4) the Policy's attorneys' fees provision contravenes FEHA; and 5) the Policy requires

2   employees to pay UnitedHealth Group directly for the privilege of bringing a demand for arbitration.

3               **a.      The Policy Severely Limits Discovery.**

4           The Policy unduly and inequitably places severe limits on the discovery to which an employee

5   is entitled, preventing an employee from vindicating his or her unwaivable statutory rights. *Fitz* at

6   716.  The Policy limits Plaintiff's discovery to merely __one interrogatory__ only on the subject of

7   identification of potential witnesses, __two depositions__ of witnesses, and a total of eight hours of

8   depositions of expert witnesses designated by the other party, and __twenty-five requests for__

9   __production of documents__.  (Policy at p. 5, Ray Dec.)  Notably, __there is no provision allowing the__

10  __arbitrator to issue more discovery–this is a hard limit__.  (*Id.*)

11          The discovery limits in the Policy effectively strip plaintiff of her ability to gather evidence to

12  vindicate her statutory rights, while providing benefit and advantage to the employer: "Given that [the

13  employer] is presumably in possession of the vast majority of evidence that would be relevant to

14  employment-related claims against it, the limitations on discovery, although equally applicable to both

15  parties, work to curtail the employee's ability to substantiate any claim against [the employer]." *Kinney*

16  *v. United HealthCare Services, Inc.*, 70 Cal.App.4th 1322, 1332 (1999).  In terms of discovery,

17  Defendant's Policy remains underlined unchanged since *Kinney v. United HealthCare Services*, which refused to

18  enforce the Policy. *Id.* at 1326, 1333 (one interrogatory for witnesses, two depositions, 25 document

19  requests).

20          __This Court also has recognized the non-mutuality of discovery limitations__: "[A]lthough

21  defendants might argue that the limitation on discovery is mutual, this ignores the practical reality of

22  employment disputes. . . . Accordingly, although limitations on discovery may ostensibly apply to both

23  parties, they work in effect to disadvantage only the employee." *Sherwood v. Blue Cross*, CIV.

24  S-07-633 LKK/DA, 2007 WL 2705262 (E.D. Cal. Sept. 14, 2007).

25          Both California Courts and District Courts in California have consistently held that discovery

26  limitations impairing the vindication of statutory rights are substantively unconscionable.  *Doubt v.*

27  *NCR Corp.*, C 09-05917 SBA, 2010 WL 3619854 (N.D. Cal. Sept. 13, 2010); *Ontiveros v. DHL*

28

**THE**
**DOLAN**
**LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,**
**CA**
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

13

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1   *Express*, 164 Cal.App.4th 494 (2008); *Sherwood,* 2007 WL 2705262; *Kinney,* 70 Cal.App.4th at 1326-

2   32; *Armendariz*, 24 Cal.4th at 100.

3          Defendant UHG's Policy **only allows for depositions of 2 individuals** and 8 hours of

4   disclosed experts.  (Policy at p. 5, Ray Dec.)  Given the complexity of Plaintiff's case, and or

5   employment disputes in general, the outcomes of which are often determined by the testimony of

6   multiple percipient witnesses, as well as written information about the disputed employment practice,

7   **it will be the unusual instance where the deposition of <u>two witnesses</u> will be sufficient to present**

8   **a case.**" *Fitz* at 716 (*emphasis added, footnote omitted*).

9          Pre-litigation documents obtained by Plaintiff indicate there are over a dozen witnesses to be

10  deposed.  (See FAC.)  For example, if Plaintiff deposes her supervisor George Liggett to demonstrate

11  Defendants were on notice of her disability, and Director Janet Lundbyewho told Plaintiff her position

12  was being eliminated, Plaintiff would have used all her available depositions, before deposing

13  Defendants' policy makers, HR staff, Plaintiff's replacement, Plaintiff's team members and

14  supervisors, or the decision-makers underlying her termination, any alleged lay-off decision, or the

15  individuals with knowledge about Defendants' failure to hire Plaintiff when she applied for a new

16  position after her termination.  (*Id.*)

17         Further, as Defendant has categorized Plaintiff's employment termination as a layoff and raised

18  the issue of downsizing, Plaintiff must depose several of Defendants' Persons Most Qualified

19  regarding Defendant's financial condition and/or personnel requirements within Plaintiff's area of

20  expertise.  (See Defendant UnitedHealth Services' Answer to First Amended Complaint, Twenty-First

21  Affirmative Defense, p. 29.)  **Not only must Plaintiff depose more than two witnesses, but the**

22  **Policy does not have any provision for PMQ depositions**.  (Policy, Exh. 1 to Ray Dec.; *see e.g.,*

23  FRCP 30(b)(6).)  Not surprisingly, these limitations do not affect Defendants.  Defendants exercise

24  control over their own employees, and they may conduct "informal" discovery such as interviews.

25  (See *Kinney v. United HealthCare Services, Inc.*, 70 Cal.App.4th 1322, 1332 (1999).)

26         *Fitz*, quoted immediately above, determined the discovery limitations in the arbitration policy

27  prevented Fitz from vindicating her statutory rights, and thus the court denied the defendant's motion

28  to compel.  *Id.* at 723, 728.  Yet, *Fitz's* discovery provision actually provided more rights to discovery

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

14

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

than Defendant UHG provides its employees: in *Fitz,* the parties could petition the arbitrator for further discovery, yet Defendant UHG's Policy creates a hard limit on the available discovery. *Compare Fitz* at 716-17 with Policy at pp. 4-5, Exh. 1 to Ray Dec.

The *Fitz* agreement, like the Policy at issue here, incorporated AAA rules by reference, and, like here, "deliberately replaced the AAA's discovery provision with a more restrictive one, and in so doing failed to ensure that employees are entitled to discovery sufficient to adequately arbitrate their claims." *Fitz* at 721. Finding that the *Fitz* policy unduly limited discovery, the *Fitz* refused to apply the AAA rules instead of Defendant's more specific rules. This Court should follow suit.

> **b. The Arbitration Policy Is Not Mutual; It Only Requires the Claims Likely to Be Brought by Employees to Be Arbitrated.**

"In assessing substantive unconscionability, the paramount consideration is mutuality." *Fitz,* 118 Cal.App.4th 702, 723. Defendant's Policy is not mutual, as it does not include in its coverage the types of claims <u>employers</u> most likely bring against employees, such as "claims involving patents, trademarks, or intellectual property or trade secrets." *Id.* On the other hand, the Policy expressly includes every type of claims specific to employees, *i.e.* claims "regarding or relating to employment discrimination, terms and conditions of employment, or termination of employment." (Policy at pp. 1-2, Exh. 1 to Ray Dec.) Even though the Policy declares itself to be a "contract requiring both parties to resolve most employment-related disputes," and states that "the parties mutually waive their right," the reality is that only an employee's claims are the claims included in the scope of the Policy.

An agreement that does not include the types of claims an employer is most likely to bring against its employees is not mutual and substantively unconscionable. *Samaniego,* 205 Cal.App.4th at 1147-48; *Trivedi,* 189 Cal. App. 4th at 396; *Fitz* at 725; *Ferguson v. Countrywide Credit Industries, Inc.* 298 F.3d 778, 784-85 (2002). Further, it is immaterial that the Policy purports to be mutual and uses language that seems to bind both employee and employer to arbitrate:

> As to substantive unconscionability, the arbitration policy is one-sided and harsh. Inland insists that the policy imposes a mutual obligation to arbitrate but the argument does not square with the language of the policy. [Defendant] is right that the first paragraph expressly applies to any dispute arising out of the termination; but disputes "arising out of the termination" of an employee are the very claims that "are virtually certain to be filed against, not by [the employer]." (*Stirlen v. Supercuts, Inc., supra,* 51 Cal.App.4th at pp. 1540–1541, 60 Cal.Rptr.2d 138.) Indeed, the arbitration policy adds a nonexclusive list of

THE
DOLAN
LAW FIRM
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL:   (415) 421-2800
FAX:  (415) 421-2830

the statutes and laws to which it applies, all are of equal employment and nondiscrimination laws. Employees bring actions under these laws.

*Zullo v. Superior Court*, 197 Cal. App. 4th 477, 486 (2011)

Here, as in *Zullo*, the Policy recites language that facially binds both parties, but only provides for the arbitration of claims that are virtually certain to be filed against and not by the employer.  In a full paragraph of various laws under which claims must be arbitrated, Defendant only lists civil rights, fair employment, FMLA, wage and hour, human rights and non-discrimination laws, whistle blower or retaliation claims, breach of contract, and defamation.  (Policy at pp. 1-2, Exh. 1 to Ray Dec.)  Notably absent from this list are <u>the most common suits brought by employers</u>:  "claims involving patents, trademarks, or intellectual property or trade secrets."  *Fitz* at 723.

The test to determine whether a contract has "basic fairness" is whether both parties must arbitrate <u>all</u> claims arising from the same transaction or occurrence.  *Fitz* at 725, *citing Armendariz*, 24 Cal.4th at 120.  *Fitz* gives the example of a wrongful termination dispute where the employee alleges age discrimination and the employer alleges the employee divulged trade secrets.  *Fitz* at 725.  In *Fitz*, as well as under the UHG's Policy, the employee's discrimination claim must be brought under arbitration but the employer's trade secret claim is excluded from arbitration.  (*Id*.; Policy, Exh. 1 to Ray Dec.)  Under California law, such a situation <u>impedes a plaintiff's vindication of statutory rights, and thus it is substantively unconscionable</u>.  *Fitz* at 725.

   c.  **The Policy's Confidentiality Provisions Are Overbroad and Contravene Public Policy.**

The Policy provides that "all proceedings under this Policy are private and confidential" and that only those with a "direct interest" in the arbitration may attend.  (Policy at p. 4, Exh. 1 to Ray Dec.)  **This is overbroad by preventing "plaintiffs from obtaining the information needed to build a case of intentional misconduct or unlawful discrimination" and against public policy supporting a transparent judiciary**.  *Ting v. AT&T*, 319 F.3d 1126, 1151-52 (9th Cir. 2003).  "Although facially neutral, **confidentiality provisions usually favor companies over individuals**."  *Id.* at 1151.  For these reasons, **overbroad confidentiality provisions are substantively unconscionable**. *Davis v. O'Melveny & Myers,* 485 F.3d 1066, 1078-79 (9th Cir. 2007) *abrogated on*

THE
DOLAN
LAW FIRM
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO,
CA
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

1   *other grounds by Kilgore*, 673 F.3d 947, 960 (9th Cir. 2012); *Ting* at 1151-52; *Kanbar v. O'Melveny*

2   *& Myers*, 849 F. Supp. 2d 902 (N.D. Cal. 2011) (decided after *Concepcion*).

3       Confidentiality prevents employees from gathering evidence.  In discrimination suits, "me too"

4   evidence of treatment of other employees is admissible.  *Pantoja v. Anton*, 198 Cal.App.4th 87, 112

5   (2011).  But, the Policy prevents employees from obtaining such evidence because Plaintiff cannot

6   consult with others outside of the arbitration proceeding.  As "all proceedings" are confidential,

7   Plaintiff may not mention that she has initiated arbitration to others not involved.  (Policy at p. 4, Exh.

8   1 to Ray Dec.)  For the same reason, **this confidentiality provision also violates the California**

9   **Labor Code**, which prohibits employers from preventing employees from disclosing working

10  conditions.  Cal. Labor Code § 232.5.  On the other hand, an employer's lawyers may interview their

11  own employees and gather evidence, and then assert privilege and work product to ensure

12  confidentiality.

13      The Policy also limits Plaintiff's attendees at arbitration to only those with a "direct interest."

14  (*Id*.)  The confidentiality provision prevents a plaintiff from sharing the details of her dispute and its

15  outcome, despite the fact that civil rights trials serve an important public purpose.  *Peralta Comm.*

16  *College Dist. v. F.E.H.C.* (1990) 52 Cal.3d 40, 44 (freedom from discrimination is a civil right and

17  discrimination is against public policy).  Secrecy also eradicates the public effect of a damage award:

18  "The awarding of damages will not only deter the wrongdoer, it will send a message to other

19  employers that they must pay for the consequences of their discrimination." *Id.* at 63. Likewise, "the

20  unavailability of arbitral decisions may prevent potential plaintiffs from obtaining the information

21  needed to build a case of intentional misconduct or unlawful discrimination." *Ting* at 1152.

22      Confidentiality also ensures Defendants benefit from the repeat-player effect in mandatory

23  arbitration.  It is well recognized that "[v]arious studies show" that arbitration reduces the size of a

24  successful verdict/award if employers are repeat-players in arbitration." *Armendariz*, 24 Cal.4th at

25  115.  "Even the independent arbitration companies have an economic interest in being looked on

26  kindly by large institutional corporate defendants who can bring repeat business." *Id.*  Indeed, not only

27  is UHG a repeat customer of AAA's arbitration services, but UHG's Chief Litigation Counsel and

28  Senior Deputy General Counsel, and its Former Executive VP and General Counsel sit on AAA's

**THE**
**DOLAN**
**LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,**
**CA**
94102
TEL:  (415) 421-2800
FAX:  (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1  advisory board.  (Advisory Counsel Info, Exh. to Frischer Dec. ¶7.)  UHG, which is a major

2  corporation with nearly 300 subsidiaries likely facing constant litigation, ensures that by requiring

3  arbitration and confidentiality that "none of its potential opponents [*i.e.*, employees] have access to

4  precedent while, at the same time, [the employer] accumulates a wealth of knowledge on how to

5  negotiate the terms of its own unilaterally crafted contract."  *See Ting* at 1152 (holding agreement

6  unconscionable).  The Ninth Circuit concluded, "if the company succeeds in imposing a gag order,

7  plaintiffs are unable to mitigate the advantages inherent in being a repeat player."  *Id.*

8  The confidentiality provision acts non-mutually to prevent Plaintiff from gathering evidence to

9  vindicate her statutory rights; as it also allows UHG to conceal evidence of investigative efforts in this

10  case, prior adjudications of its discriminatory practices for use in future litigation, and enhances the

11  repeat-player effect, it is substantively unconscionable.  *Davis* at 1078; *Ting* at 1152-53.

      **d.**      **The Policy's Attorney's Fees Provision Is Not Mutual and Contravenes**
                   **Public Policy.**

13  The Policy allows for an award of attorneys fees to be provided "to UnitedHealth Group if the

14  arbitrator finds the employee's or former employee's demand for arbitration was frivolous, vexatious,

15  or was not submitted in good faith."  (Policy at p. 6, Exh. 1 to Ray Dec.)  Yet, the Policy does not have

16  any similar remedy for frivolous actions brought by UHG against an employee or former employee.

17  This is not mutual, and therefore is substantively unconscionable.  *See Fitz, supra,* 118 Cal.App.4th

18  702, 723 ("In assessing substantive unconscionability, the paramount consideration is mutuality.")

19  Further, although the Policy provides that an arbitrator may award attorneys' fees where

20  authorized by statute, and thus provides for a prevailing Plaintiff's attorneys fees under FEHA, the

21  Policy provides a lower standard for awarding a prevailing Defendant's attorneys fees than FEHA

22  provides, and, thus, it prevents an employee from vindicating her statutory rights.  The Policy allows

23  for UHG to be awarded fees (but not Plaintiff) if an action is "**frivolous, vexatious, or was not**

24  **submitted in good faith**."  (Policy at p. 6, Exh. 1 to Ray Dec.)

25  This standard contravenes FEHA, which has its own fee-shifting provisions.  FEHA provides

26  that a prevailing Plaintiff is ordinarily awarded attorney's fees and costs, including expert witness fees,

27  "unless special circumstances would render an award of fees unjust."  *Cummings v. Benco Building*

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

18

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1  *Svcs.*, 11 Cal.App. 4th 1383, 1387 (1992).  On the other hand, a prevailing Defendant-Employer may

2  only be awarded fees if the Plaintiff's claim is "**frivolous, unreasonable, or groundless.**"  *Id.* at 1389.

3  Furthermore, a court must consider whether a plaintiff has an ability to pay for a defendant's attorneys

4  fees, so that impoverished Plaintiffs litigating their rights under FEHA ("the majority of the cases

5  under the FEHA") are not discouraged from pursuing their civil rights lawsuit.  *Villanueva v. City of*

6  *Colton* (2008) 160 Cal.App. 4th 1188, 1203.

7         **e.**        **UHG's Policy Requires Employees Pay UHG to Bring a Complaint.**

8        In order to initiate arbitration under the Policy, an employee must <u>submit a demand</u> for

9  arbitration <u>directly to</u> UHG (not the AAA) and <u>pay a fee</u> <u>directly to</u> UHG (not the AAA).  (Policy at p.

10  2, Exh. 1 to Ray Dec.)  Because such a fee in essence is paying the employer for the "privilege of

11  bringing a complaint," it is not the "type of expense that the employee would be required to bear in

12  federal court" and, as such, it is "manifestly one-sided, and therefore, substantively unconscionable."

13  *Circuit City Stores, Inc. v. Mantor* (2003) 335 F.3d 1101, 1104 & fn. 6 (9th Cir. 2003) (applying Cal.

14  law); *Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1177 (9th Cir. 2003) (applying Cal. law).

15        In *Mantor* and *Ingle*, the Circuit City policy required a $75 fee paid directly to the Defendant-

16  employer.  *Id.*  Even though there were provisions in the Circuit City policy in *Mantor* for a waiver of

17  fees for indigent Plaintiffs, **the Ninth Circuit found the $75 fee to be substantively unconscionable**

18  **under California law.**  *Id.* at 1107-08; *see also Armendariz,* 24 Cal.4th at 110-11.  **The Ninth Circuit**

19  **recognized that by requiring payment of a fee "to the very entity against which [employees] seek**

20  **redress, [the employer] may very well deter employees from initiating complaints."**  *Ingle* at 1177.

21        Here, the same considerations arise.  Though the fee payable directly to UHG for the privilege

22  of arbitration is only $25, it is still unconscionable under *Mantor* and *Ingle* as a fee paid directly to the

23  employer.  *See id.*; *Mantor* at 1107-08.  Similarly, submitting a demand for arbitration to UnitedHealth

24  Group directly instead of the AAA may deter employees from initiating complaints.  Further, unlike

25  *Mantor*, there is no provision in the Policy for waiver of a fee, and $25 may be prohibitive to a recently

26  fired employee in a wrongful termination suit.  *See Ingle* at 1177 (**any arbitration fee is**

27  **unconscionable because, in Federal Court, indigent Plaintiffs may apply to waive fees**).

28  Therefore, the UHG Policy is substantively unconscionable.

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL:   (415) 421-2800
FAX:  (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION

1  **D.    SEVERANCE CANNOT REMOVE THE TAINT OF UNCONSCIONABILITY.**

2       For Plaintiff Wilson in this case, the only proper remedy is to strike the entire UHG Policy;

3  severing the numerous unenforceable and unconscionable clauses is not in the interests of justice.

4  *Armendariz, supra,* 24 Cal.4th at 124 ("The overarching inquiry is whether the interests of justice . . .

5  would be furthered by severance," *internal quotes omitted*).    As the California Supreme Court stated,

6  **if an agreement is non-mutual, or if "there is no <u>single</u> provision a court can strike or restrict in**

7  **order to remove the unconscionable taint from the agreement," then the agreement as a whole is**

8  **void**. *Id.* at 124-25 (*emphasis added*); *see also O'Hare,* 107 Cal.App.4th at 279.  Such result is

9  necessary here because "multiple defects indicate a systematic effort to impose arbitration on an

10  employee not simply as an alternative to litigation, but as an inferior forum that works to the

11  employer's advantage."  *Armendariz* at 124.  A court may refuse to enforce a contract if "the contract

12  or any clause of the contract" is found "unconscionable at the time it was made."  Civil Code §

13  1670.5(a).  Additionally, severance is not appropriate because the Policy does not provide that it is

14  severable.

15       California Courts frequently invalidate and refuse to sever agreements that have <u>more than one</u>

16  unconscionable provision.  *See, e.g., Ontiveros,* 164 Cal.App.4th at 515 (provision assigning

17  determination of enforceability to arbitrator, requirement plaintiff pay a fee, discovery limitations)

18  *Fitz,* 118 Cal.App.4th at 726-27 (discovery limitations and lack of mutuality of arbitrable claims);

19  *Ferguson,* 298 F.3d at 784-85 (9th Cir. 2002) (imposition of fees, lack of mutuality of arbitrable

20  claims, and discovery limitations); *Abramson,* 115 Cal. App. 4th 638; *Pokorny,* 601 F.3d 987.

21  **III.    CONCLUSION**

22       For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendants' motion in

23  its entirety.

24  DATE: August 23, 2012                              **THE DOLAN LAW FIRM**

25                                      By:    _____/s/_____

26                                             Christopher B. Dolan
                                               Michael J. DePaul
27                                             Richard L. Frischer
                                               Attorneys for Plaintiff WILSON

28

**THE
DOLAN
LAW FIRM**
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
**SAN FRANCISCO,
CA**
94102
TEL:  (415) 421-2800
FAX: (415) 421-2830

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION
PENDING ARBITRATION