Christopher B. Dolan (SBN 165358)
Michael J. DePaul (SBN 231641)
Richard L. Frischer (SBN 280339)
**THE DOLAN LAW FIRM**
The Dolan Building
1438 Market Street
San Francisco, CA  94102
Tel:  (415) 421-2800
Fax:  (415) 421-2830

Attorneys for Plaintiff
YOLANDA WILSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA WILSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC., a Minnesota Corporation; UNITED HEALTHCARE SERVICES, INC., a Minnesota Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:12-CV-01349-MCE-JFM<br><br>**PLAINTIFF'S OBJECTION TO THE DECLARATION OF DEVERI RAY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THE ACTION PENDING ARBITRATION**<br><br>Date:          September 6, 2012<br>Time:         2:00 p.m.<br>Courtroom:  7 |

## I. INTRODUCTION

Plaintiff objects to the Declaration of Deveri Ray on the grounds that: 1) the Declarant lacks personal knowledge of the matters declared (*i.e.* Defendants' policies and practices in 2006 and the creation of Exhibit 1), 2) the Declaration is based on inadmissible hearsay and is barred by the best evidence rule, 3) the Declaration is based on inadmissible opinion, and 4) Exhibit 1 is not properly authenticated, and is hearsay.

It is especially important to carefully scrutinize this Declaration, as Plaintiff's Seventh Amendment Right to a Jury Trial is at stake. Defendants have submitted a self-serving declaration that does not have any basis in personal knowledge, and improperly authenticates an exhibit that purports to be an arbitration agreement, allegedly signed not by hand but by the push of a button. Plaintiff has no recollection of ever reviewing or accepting this agreement. (Plaintiff's Declaration in Support of Plaintiff's Opposition, ¶ 3.) Thus, Plaintiff's Constitutional Rights lie in

## II. LEGAL ARGUMENT

### A. THE DECLARANT LACKS PERSONAL KNOWLEDGE OF DEFENDANT UNITED HEALTHCARE SERVICES'S POLICIES AND PRACTICES IN 2006

"**A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter**." FRE 602. A declarant must have personal knowledge of the matters he or she declares to be fact. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1551 (9th Cir. 1989).

Declarant Deveri Ray demonstrates no foundation establishing personal knowledge of Defendants' policies and practices in effect in February 2006 nor has she provided any foundation of her personal knowledge of Plaintiff's alleged agreement to an arbitration Policy in February 2006.

Instead, Declarant Ray testified that she works for UnitedHealth Group, and has done so only since March 2009: "Since **March 2009**, I have worked as the Director of Human Resource Information Systems ("HRIS", Payroll and Tax (Director-HRIS, Payroll and Tax) for **UnitedHealth Group, Inc**. ("UHG") and have worked in its corporate headquarters located in Minnetonka, Minnesota." (Ray Declaration, ¶ 1.) It should neither be inferred that Declarant Ray somehow has knowledge of Defendants' practices in February 2006, nor that Defendants' policies and practices

THE DOLAN LAW FIRM
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

1
PLAINTIFF'S OBJECTION TO THE DECLARATION OF DEVERI RAY IN SUPPORT OF DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION PENDING ARBITRATION

regarding Human Resource Information Systems have remained unchanged in the last six years of undisputable technological growth.  Further, it should not be inferred that Declarant Ray has any personal knowledge of Defendant United HealthCare Systems, Inc.'s policies and practices, as Declarant Ray is not employed by that corporation.  (Ray Dec. ¶ 1.)

Declarant Ray admits that she has no personal knowledge.  She states: "My **review of** Wilson's personnel records maintained by UHG and applicable electronic documents, including documents maintained in the PeopleSoft HRMS Version 9.0, **leads me to conclude**. . . ."  (Ray Dec. ¶¶ 6-7.)  This is simply not competent evidence.  FRE 602.

Plaintiff objects to all portions of the Declaration purporting to recite Defendants' policies and practices in 2006, as well as all portions regarding Defendant United HealthCare Services.  Specifically, Plaintiff objects to paragraphs 2, 3, 5, 6, 7, 8, and 9.

### B. THE DECLARANT'S TESTIMONY IS BASED ON INADMISSIBLE HEARSAY AND VIOLATES THE BEST EVIDENCE RULE.

Any out of court written assertion offered as evidence to prove the truth of the matter asserted is hearsay.  FRE 801.  Absent any exception, hearsay is inadmissible.  FRE 802.  Furthermore, a witness may not prove the content of a writing or record through testimony; the "Best Evidence Rule" requires that the original or duplicate of the document is provided.  FRE 1001-1003.  To be sure, any "electronic recording, or other form of data compilation" constitutes a writing whose contents cannot be proven through testimony.  FRE 1001.

Declarant Deveri Ray, not having been employed by Defendants or familiar with their procedures in 2006, testifies based off of his review of Plaintiff's employment file.  (Ray Dec. ¶¶ 6, 7, 8, 9.)  Undoubtably, Plaintiff's employment file is comprised of written assertions made out of court, and, as established above, Declarant Deveri Ray has no personal knowledge of the matters she asserts.  As such, Declarant Deveri Ray is testifying based on hearsay, and his testimony is inadmissible.  See FRE 801, 802.  Further, because Declarant Ray is testifying as to the contents of documents, electronic records, and data complications but not providing the sources themselves, his testimony is made inadmissible by the Best Evidence Rule.  See FRE 1001-1003.

Deveri Ray's testimony does not fall within any hearsay exception, either, including the

THE DOLAN LAW FIRM
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

2
PLAINTIFF'S OBJECTION TO THE DECLARATION OF DEVERI RAY IN SUPPORT OF DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION PENDING ARBITRATION

Business Records Exception.  To be a business record, a qualified witness must lay a foundation that: 1) the record was made at or near the time by someone with knowledge, 2) that the record was kept in the course of regularly conducted business, 3) that making the record was a regular practice of that business, and that 4) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.  FRE 803(6).

      Declarant Ray is not qualified to lay the foundation for these records because she has no personal knowledge of Defendants' practices in 2006. (Ray Dec. ¶ 3.)  Declarant Ray has no personal knowledge to support his statement in paragraph three that Defendant UnitedHealth Group's records "are made at or at the time of said acts, conditions, proceedings, events and transactions, or from the information transmitted by persons who are responsible for making and maintaining said books and records" as applied to <u>any</u> records created before his employment with Defendant UnitedHealth Group. (*Id*.)  This is an attempt to bootstrap the hearsay exception for Records of Regularly Conducted Activity by repeating the rule verbatim, and it does not contain any testimony establishing that the Declarant actually has personal knowledge that this was Defendants' practice regarding records in 2006.  *See* FRE 803(6).  Indeed, Declarant Ray <u>does not</u> testify that Defendants utilized the PeopleSoft HRMS Version 9.0 software in 2006, nor could she, as she was not employed then.  She also does not work in Defendants' California offices, where Plaintiff worked. (Ray Dec. ¶ 1.)  Finally, there has not even been an attempt to testify that any records were made by persons with knowledge of the acts recorded, that the records are kept in the course of regularly conducted business, or that the making of the record was a regular practice of the business, as required to be within the hearsay exception. See FRE 803(6).

      As such, the underlying records from which Declarant Ray testifies are inadmissible under the hearsay rule.  FRE 802.  Even if the records were properly relied upon, a declarant may not testify regarding the contents of records; the records themselves must be provided.  FRE 1001-1003. Plaintiff therefore objects to paragraphs 6, 7, 8, and 9.

      **C.    THE DECLARANT'S TESTIMONY IS BASED ON INADMISSIBLE OPINION.**

      A witness may not testify as to their opinions as to scientific or technical matters unless they are qualified as an expert.  FRE 701.  Here, Declarant Ray testifies of his opinions in regard to

3

PLAINTIFF'S OBJECTION TO THE DECLARATION OF DEVERI RAY IN SUPPORT OF DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION PENDING ARBITRATION

THE DOLAN LAW FIRM
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL:  (415) 421-2800
FAX: (415) 421-2830

Plaintiff. (Ray Dec. ¶¶ 6-7 ("leads me to conclude that Wilson opened UGH's Arbitration Policy").)

Declarant Ray does not establish himself as an expert. Declarant Ray states that she has only worked for Defendant for three years. (Ray Dec. ¶ 1.) Without including any specific details, she states she has "considerable experience" with the computer system for "other employers." (Ray Dec. ¶ 4.) She does not include any information regarding the years of experience she has, who else she has worked for, his educational background or training, or his certifications or qualifications. She has not included a curriculum vitae. See FRE 702.

Because Declarant Deveri Ray has not established himself as an expert, any opinions rendered by Ray are inadmissible. FRE 701. Plaintiff therefore objects to paragraphs 6, 7, 8, and 9.

### D.    EXHIBIT 1 - THE POLICY - IS NOT PROPERLY AUTHENTICATED AND IS HEARSAY.

Deveri Ray's Declaration ultimately attempts to introduce into evidence the Policy that Defendants allege Plaintiff viewed and accepted by clicking on a box on a webpage. (Ray Dec. ¶ 8.) This Policy, which Defendants contend is a legally enforceable contract to arbitrate, does not contain any identifiable signature, but instead Defendants allege it was accepted by Plaintiff electronically. Plaintiff does not recall ever receiving, reviewing, signing, or agreeing to this document. (Plaintiff's Declaration in Support of Plaintiff's Opposition, ¶ 3.) She does not recall ever reviewing or discussing this document with anybody while employed with Defendants, and she is seeing the document for the first time now. (*Id*.) Therefore, the authenticity and admissibility of this potential exhibit must be scrutinized carefully, so that Plaintiff is not made to waive her right to a jury trial upon a document that lacks authentication and is inadmissible evidence.

The Declaration's authentication of exhibit 1 is not sufficient. The Declaration states: "Attached as Exhibit 1 hereto is a true and correct copy of the Employment Arbitration Policy specific to Wilson." (Ray Dec. ¶ 8.)

A declaration must lay an adequate foundation; "[i]t is not enough that [the declarant] characterizes the testimony as a 'true and correct copy.'" *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988). "A writing is not authenticated simply by attaching it to an affidavit. . . . The foundation is laid for receiving a document in evidence by the testimony of a witness with

PLAINTIFF'S OBJECTION TO THE DECLARATION OF DEVERI RAY IN SUPPORT OF DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION PENDING ARBITRATION

1 personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery." *Id.* quoting *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970).  Here, there is no explanation of where this specific printout of the Policy came from, how it was printed, who printed it, who saved the original, how the original was saved, how it was retrieved, or who retrieved it.

Furthermore, for the reasons discussed above regarding hearsay, there is no proper foundation laid to exempt exhibit 1 from the hearsay rule.  FRE 801, 802.  For the same reasons discussed above regarding the statements in Ray's Declaration, there is no foundation established to show that Exhibit 1 is subject to the business records hearsay exception.  See FRE 803(6).  Furthermore, the business records exception instructs courts to inquire into whether "the source of information or the method or circumstances of preparation indicate lack of trustworthiness.  *Id.*  Here, this record's footer displays the date of August 5, 2011, which is not near the alleged creation date of the document (February 21, 2006), Plaintiff's employment termination (February 2011), or even near the date of the Declaration (July 30, 2012).  (Exh. 1 to Ray Dec. ¶ 8.)  The Declaration does not explain this inconsistency.

## III.  CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests this Court rule Paragraphs 2, 3, 5, 6, 7, 8, and 9, and Exhibit 1 of the Declaration of Deveri Ray inadmissible.

DATE: August 23, 2012                    **THE DOLAN LAW FIRM**

By:  _____/s/_____
Christopher B. Dolan
Michael J. DePaul
Richard L. Frischer
Attorneys for Plaintiff WILSON

THE DOLAN LAW FIRM
TRIAL LAWYERS
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

5
PLAINTIFF'S OBJECTION TO THE DECLARATION OF DEVERI RAY IN SUPPORT OF DEFENDANTS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION PENDING ARBITRATION